CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
November 13, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Alexander Jullien Foster, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-00003 |
| | ) | |
| Jeremy Tabler, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

Plaintiff Alexander Foster, *pro se*, brings this action under 42 U.S.C. § 1983 against Defendants Captain Jeremy Tabler, Deputy John Pifer, and ten unnamed John Does. He alleges that Defendants have violated his Fourth Amendment rights by arresting him without probable cause. This matter is before the court on Defendants' motion to dismiss the amended complaint. (Dkt. 32.) For the following reasons, the court will grant the motion.

## I. Background

### A. Factual History

The facts are taken from Foster's amended complaint, and all well-pleaded allegations are accepted as true. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Furthermore, the court takes judicial notice of matters of public record and considers documents attached to a motion to dismiss when those documents are "integral to the complaint and authentic." *Id.*

Foster was arrested on March 4, 2023, pursuant to four warrants issued by a magistrate. (Am. Compl. ¶ 19 (Dkt. 29-1); Defs.' Ex. 1 (Dkt. 33-1).) The warrants show that Deputy John Pifer was both the complainant and the arresting officer. (Defs.' Ex. 1 at 1, 3, 5, 7.) On May 23, 2023, Foster was indicted by a Nelson County grand jury for his two felony charges. (Defs.' Ex. 3 at 8, 10 (Dkt. 33-3).) At trial, Foster was ultimately acquitted of his felony charges and his misdemeanor charges were dropped. (Am. Compl. ¶¶ 26–28; Defs.' Ex. 3 at 7, 9, 11, 12.) Foster alleges that "[b]ody-worn camera footage exists depicting officers discussing possible charges before establishing an adequate factual basis for probable cause." (Am. Compl. ¶ 10.) He also claims that Pifer and Captain Jeremy Tabler failed to conduct a full investigation that would have uncovered exculpatory evidence. (*Id.* ¶¶ 11–18.)

**B. Procedural History**

Foster filed a complaint on January 15, 2026 against Nelson County, Virginia, former Sheriff David Hill, Tabler, Pifer, and ten unnamed John Does. (Dkt. 1.) Pifer and Tabler moved to dismiss on April 20, 2026. (Dkt. 9.) Nelson County moved to dismiss on April 21, 2026. (Dkt. 13.) Foster opposed both motions to dismiss on April 27, 2026. (Dkt. 16.) On May 1, 2026, Hill also moved to dismiss. (Dkt. 22.) Pifer, Tabler, and Nelson County replied to Foster's opposition on May 4, 2026. (Dkts. 25, 26.)

On May 13, 2026, Foster moved for leave to file an amended complaint, which was granted. (Dkts. 29, 31.) The amended complaint no longer names Nelson County and Hill as Defendants. (Am. Compl. ¶ 5–7.) Pifer and Tabler moved to dismiss the amended complaint on May 27, 2026. (Dkt. 32.) Foster opposed the motion on June 15, 2026, (Dkt. 36), and

Pifer and Tabler replied on June 22, 2026, (Dkt. 37). On September 1, 2026, the court issued an order denying the first round of motions to dismiss as moot in light of the amended complaint. (Dkt. 40.)

The amended complaint brings two claims under 42 U.S.C. § 1983. (Am. Compl. ¶¶ 29–38.) Count 1 alleges malicious prosecution under the Fourth Amendment. (*Id.* ¶¶ 29–34.) Count 2 alleges unlawful seizure and continued detention under the Fourth Amendment. (*Id.* ¶¶ 35–38.)

## II. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). They do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court must liberally construe the filings of *pro se* litigants. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But "this liberal construction does not require the court to ignore clear defects

in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## III. Analysis

Under Fourth Circuit precedent, there is no such thing as a claim for "malicious prosecution" under 42 U.S.C. § 1983. *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000). Instead, a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Id.* at 261–62. "The constitutional violation alleged in such a suit is a type of unreasonable seizure—an arrest and detention of a person based on a criminal charge lacking probable cause." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024). To bring such a claim, a plaintiff must allege that "[1] the defendant[s] have seized plaintiff pursuant to legal process that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor." *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (internal quotations omitted).

While Foster pleads two separate counts in his amended complaint, in substance he alleges only one claim: unlawful seizure under the Fourth Amendment. Defendants do not contest that Foster was seized when he was arrested. (Defs.' Supp. Mem. at 6 (Dkt. 33).) Nor do they dispute that criminal proceedings terminated in his favor when he was acquitted at trial. (*Id.*) Therefore, the only question is whether Foster has pled facts that plausibly allege a lack of probable cause for his arrest. He has not done so.

The fact that a criminal defendant is acquitted at trial does not necessarily mean his arrest lacked probable cause. "For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). And "[r]easonable law enforcement officers are not required to 'exhaust every potentially exculpatory lead or resolve every doubt about a suspect's guilt before probable cause is established.'" *Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) (quoting *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991)). Furthermore, "an indictment, 'fair upon its face,' returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975)). Courts typically afford "great deference" to a magistrate judge's determination of probable cause for warrants. *United States v. Leon*, 468 U.S. 897, 914 (1984).

Foster's amended complaint largely consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The thrust of Foster's complaint is that Defendants failed to gather exculpatory evidence before arresting him, but his amended complaint is devoid of factual allegations as to what that evidence would be or how Defendants failed to investigate it. Even if the court were to accept his conclusory allegations as true, it would not establish a Fourth Amendment violation given the strong presumption of probable cause established by the magistrate-issued warrant and subsequent grand jury indictment.

Finally, Foster's amended complaint names "John Does 1-10" as defendants. (Am. Compl. ¶ 7). But Foster never alleges any specific conduct by any particular John Doe in the body of the amended complaint. Therefore, Foster does not appear to state any claims against any John Doe besides his conclusory statement that they "participated in or contributed to the unconstitutional conduct alleged herein." (*Id.*) "[U]nless it appears that John is an actual person whose identi[ty] and address is identifiable, the Court may dismiss claims against John Doe." *Studco Bldg. Sys. U.S., LLC v. 1st Advantage Fed. Credit Union*, 509 F. Supp. 3d 560, 567 (E.D. Va. 2020). Because Foster does not allege any specific conduct by any John Doe, the court will also dismiss the amended complaint as to John Does 1-10

Because Foster has failed to state a claim under Rule 12(b)(6), the court need not address Defendants' objections to service under Rules 12(b)(4) and 12(b)(5).

## IV. Conclusion

For the reasons stated, the court **GRANTS** Defendants Pifer and Tabler's motion to dismiss. Foster's amended complaint is **DISMISSED without prejudice**.

An appropriate Order will issue.

**ENTERED** this 13th day of November, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE